IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 3:15-cr-358-EAS |
| | ) CASE NO.: 3:16-cr-222-EAS |
| Plaintiff, | ) |
| | ) CHIEF JUDGE EDMUND A. SARGUS, |
| v. | ) JR. |
| | ) |
| YAHYA FAROOQ MOHAMMAD, | ) |
| | ) |
| Defendant. | ) |

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST FOR
NOTICE OF FISA EVIDENCE PURSUANT TO 50 U.S.C. §§ 1806(c) AND 1881e(a) OR
OTHER INTELLIGENCE GATHERING AND
GOVERNMENT'S RELATED MOTION IN LIMINE

Now comes the United States of America, by and through its attorneys, David A. Sierleja, Acting United States Attorney, and Daniel L. Lemisch, Acting United States Attorney, and Matthew W. Shepherd and Michael J. Freeman, Assistant United States Attorneys, and Gregory R. Gonzalez, Trial Attorney, U.S. Department of Justice, Washington, D.C., and hereby moves the Court to deny the Defendant's most recent request for Notice of FISA Evidence Pursuant to 50 U.S.C. §§ 1806(c) and 1881e(a) and Other Intelligence Gathering.  Additionally, the United States hereby moves the Court *in limine* to prohibit the Defendant from introducing evidence or argument about the government's investigation of any uncharged criminal conduct relating to the Defendant's admissions to the Cooperating Witness (CW).

PROCEDURAL HISTORY AND RELEVANT FACTS

On September 30, 2015, Yahya Farooq Mohammad (hereinafter "Defendant"), and co-defendants Ibrahim Zubair Mohammad ("Ibrahim"), Asif Ahmed Salim, and Sultane Roome

Salim, were charged by way of indictment with Conspiracy to Provide and Conceal Material Support to Terrorists, in violation of 18 U.S.C. § 2339A (Count 1); Providing Material Support to Terrorists, in violation of 18 U.S.C. § 2339A (Count 2); and Conspiracy to Obstruct Justice, in violation of 18 U.S.C. § 1512(k) (Count 4). Additionally, the Defendant and his brother Ibrahim were charged with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349 (Count 3). The indictment alleges that defendants conspired to provide and did provide funds to Anwar Al-Awlaki ("Awlaki") for use in supporting terrorist attacks; that the Defendant and Ibrahim conspired to fraudulently obtain funds from financial institutions in the United States in order to support the conspiracy and provide funds to Awlaki; and that all four of the defendants conspired to obstruct the government's investigation into the illicit fundraising (Case No. 3:15-cr-358, Doc. 1).

On December 21, 2015, the government provided the Defendant with notice of its intent to use information obtained or derived under the authority of 50 U.S.C. §§ 1801-1812 and 1881a, against him at trial in Case Number 3:15-cr-358. (Case No. 3:15-cr-358, Doc. No. 27).

In the spring of 2016, while awaiting trial in Case Number 3:15-cr-358, Defendant was detained at the Lucas County Jail in Toledo, Ohio. There the Defendant met another inmate, CW, who eventually became a cooperating witness for the government. The CW reported to the government that Defendant had discussed hiring a hitman to murder Judge Zouhary. After the FBI conducted an initial interview of the CW, the CW agreed to wear a recording device in the jail and record conversations with Defendant about hiring someone to murder Judge Zouhary. The CW wore a recording device on three occasions. These recordings captured conversations between CW and Defendant about the plan to murder Judge Zouhary, including discussions about why Defendant wanted to murder the judge, whether the body should be found or not, how

to make payments to the CW's associate who the Defendant believed would commit the murder, and other individuals to target after the murder of Judge Zouhary was carried out.  The Defendant also made multiple statements to the CW regarding possible future terrorist attacks in the United States.

On July 6, 2016, the Defendant was charged in a separate indictment with Attempted Murder of a Federal Official, in violation of 18 U.S.C. § 1114, Solicitation to Commit a Crime of Violence, in violation of 18 U.S.C. § 373, and Murder-for-Hire, in violation of 18 U.S.C. § 1958. The new charges related to the Defendant's attempt to hire the hitman to murder Judge Zouhary (Case No. 3:16-cr-222, Doc 1).

On August 24, 2016, the Defendant filed a Motion for Notice and Additional Discovery Regarding Surveillance Techniques in Case No. 3:15-cr-358 (Case No. 3:15-cr-358, Doc. 131). On September 13, 2016, the government filed its response in opposition to the Defendant's motion, which is currently pending before the Court (Case No. 3:15-cr-358, Doc. 137).  The government hereby incorporates its filing in Case No. 3:15-cr-358, Doc. 137 into the instant response.

On February 16, 2017, at the request of the Defendant, the Court ordered that both of the above-described cases be joined and tried together on June 26, 2017, separately from his co-defendants (Case No. 3:15-cr-358, Doc. 210).  On March 15, 2017, the Court ordered that the trial be moved to July 10, 2017 (Case No. 3:15-cr-358, Doc. 216).

On April 26, 2017, the Defendant filed a motion asking the Court to require the government to "provide formal notice of whether any evidence in the 2016 case was collected pursuant to the FISA or the FAA; and if not, why not." (Case No. 3:16-cr-222, Doc. 38).

3

### THE GOVERNMENT HAS COMPLIED WITH THE FOREIGN INTELLIGENCE SURVEILLANCE ACT'S NOTICE REQUIREMENTS

As is plainly laid out in the Foreign Intelligence Surveillance Act of 1978 ("FISA"), 50 U.S.C. § 1801, *et seq*., when the government "intends to enter into evidence or otherwise use or disclose" any "information obtained or derived from" electronic surveillance or physical search conducted pursuant to FISA against an aggrieved person[1] in a criminal case (as well as in other proceedings), it must provide notice to that individual.  50 U.S.C. §§ 1806(c) (2015); 1825(d) (2008); 1881e (2008).  The government's notice obligations regarding its use of FISA information under §§ 1806, 1825, and 1881e only apply if the government: (1) "intends to enter into evidence or otherwise use or disclose" the FISA information (2) "against an aggrieved person" (3) in a "trial, hearing or other proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States" (4) any "information obtained or derived from" (5) an "electronic surveillance [or physical search] of that aggrieved person." 50 U.S.C. §§ 1806(c) (2015); 1825(d) (2008); and 1881e(a) (2008).

On December 21, 2015, in Case Number 3:15-cr-358, the government provided the Defendant with notice of its intent to use information obtained or derived under the authority of 50 U.S.C. §§ 1801-1812 and 1881a, against him at trial. (Case No. 3:15-cr-358, Doc. No. 27). As is evidenced by that notice, where all five criteria are met, the government will comply with its requirement to notify the defendant and the court (or other authority) before which the information is to be disclosed or used that it intends to use or disclose such information.  No such

---

[1] An "aggrieved person" is the target of the electronic surveillance or "any other person whose communications or activities were subject to electronic surveillance."  50 U.S.C. § 1801(k) (2015).  A person is also aggrieved if his or her "premises, property, information, or material is the target of physical search" or "was subject to physical search."  50 U.S.C. § 1821(2)  (2010).

4

notice has been filed regarding Case Number 3:16-cr-222, as all five of the criteria have not been met.

### RELATED MOTION *IN LIMINE*

Generally speaking, there is "no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." *Moore v. Illinois*, 408 U.S. 786, 795 (1972); *United States v. Bagley*, 473 U.S. 667, 676 (1985) (the prosecutor is not required to deliver his entire file to defense counsel); *United States v. Agurs*, 427 U.S. 97, 106 (1976) (the Government is under "no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor.").  Instead, the government is required to meet its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972), 18 U.S.C. § 3500 (1970) ("the Jencks Act"), and Rule 16 of the Federal Rules of Criminal Procedure, to provide any discoverable materials to the Defendants. In this instance, the government has already provided extensive discoverable materials in its possession to the Defendant and will continue to provide any additional discovery materials should it be necessary.

The Defendant's speculative assessment about what investigative actions the government might have taken in response to the Defendant's statements to the CW about the Defendant's involvement in terrorist activities is irrelevant to the determination of the charges contained in the indictments in Case Number 3:15-cr-358 and Case Number 3:16-cr-222.  As such, it would be inappropriate for the Defendant to be permitted to use the trial as a means to try to compel the government to either confirm or deny the use of a classified intelligence-gathering technique in its investigation into the plot to murder Judge Zouhary or other potential terrorist plots reported by the CW.  Furthermore, it would be highly misleading and prejudicial for the Defendant to

5

assert to the jury that a possible decision by the government not to use a classified intelligence-gathering technique in this particular instance must correlate with an assessment by the government that the CW's information about the Defendant's plans to murder Judge Zouhary was lacking in credibility, especially when the Defendant arranged for his wife to make a $1,000 down payment to an undercover agent posing as a hitman.  Whether or not a particular investigative technique is or is not used to further investigate a particular report is based on numerous factors, many of which have nothing to do with the credibility of the person making the report.

The upcoming trial should be confined to a determination of whether or not the government has met its burden of proof with respect to the charges contained in the indictments filed in Case Number 3:15-cr-358 and Case Number 3:16-cr-222, not a sideshow based on collateral issues that are unrelated to that purpose.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this honorable Court deny the Defendant's motion without a hearing and grant the government's motion *in limine*.

                                              Respectfully submitted,

                                              DAVID SIERLEJA
                                              Acting United States Attorney

                                              DANIEL L. LEMISCH
                                              Acting United States Attorney

                              By:   /s/ Gregory R. Gonzalez
                                             Gregory R. Gonzalez (DC: 489694)
                                             Trial Attorney, National Security Division
                                             U.S. Department of Justice
                                             950 Pennsylvania Avenue, NW
                                             Washington, DC  20530
                                             (202) 514-4050
                                             Gregory.Gonzalez2@usdoj.gov

Matthew W. Shepherd (OH: 0074056)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3859
Matthew.Shepherd@usdoj.gov

Michael J. Freeman (OH: 0086797)
Assistant United States Attorney
Four Seagate, Suite 308
Toledo, Ohio 43604
(419) 241-0724
Michael.Freeman2@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 26th day of May 2017 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

        /s/ Gregory R. Gonzalez
        Gregory R. Gonzalez
        Trial Attorney
        U.S. Department of Justice