IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:15CR358 |
| | ) | 3:16CR222 |
| Plaintiff, | ) | |
| | ) | CHIEF JUDGE EDMUND A. SARGUS, |
| | ) | JR. |
| v. | ) | |
| | ) | |
| YAHYA FAROOQ MOHAMMAD, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S REQUEST FOR A |
| Defendant. | ) | DEFENSE WITNESS IMMUNITY OR A |
| | ) | MISSING WITNESS JURY |
| | ) | INSTRUCTION |
| | ) | |

The United States of America, by and through its counsel, David A. Sierleja, Acting

United States Attorney, Northern District of Ohio, and Daniel L. Lemisch, Acting United States

Attorney, Eastern District of Michigan, and Matthew W. Shepherd and Michael J. Freeman,

Assistant United States Attorneys, and Gregory R. Gonzalez, Trial Attorney, U.S. Department of

Justice, Washington, D.C., and respectfully moves this Court to deny Defendant's request for a

defense witness immunity and a missing witness jury instruction.

## Background

### A.    The Indictment

On July 6, 2016, a federal grand jury returned an indictment charging Yahya Farooq

Mohammad with: (1) Attempted first degree murder of a federal judge, in violation of Title 18,

United States Code, Section 1114(3); (2) Solicitation to commit a crime of violence, in violation

of Title 18, United States Code, Section 373(a); and (3) Use of interstate commerce facilities in

the commission of murder-for-hire, in violation of Title 18, United States Code, Section 1958(a).

These charges stem from the Defendant's plot to hire a hitman while incarcerated to kill the

district court judge presiding over his terrorism case (Case No. 3:15CR358).  Some of the

evidence supporting these charges includes audio recordings between the Defendant and a

confidential human source (hereinafter Individual A).  As indicated in the government's *motion

in limine* (Dkt. No. 36), it intends to seek admission of these recordings through law enforcement

officers by authenticating the chain of custody and voice identification.

### B.    The Instant Motion

On April 26, 2017, the Defendant filed a motion requesting the Court to grant use

immunity to Individual A, or in the alternative, give a missing witness jury instruction. (Dkt. No.

41).  In his motion, the Defendant asserted that he intends to call Individual A as a defense

witness; however, after conferring with Individual A's attorney, discovered Individual A would

assert his Fifth Amendment right against self-incrimination if called to testify.  The Defendant

failed to identify the reason for Individual A's invocation.

The Defendant claimed it would like Individual A to testify "as to what exactly occurred

during the time before the recorded conversations," but proffered no other substance of that

testimony.

## Analysis

### A.     Sixth Circuit Precedent

"No court has authority to immunize a witness." *Pillsbury Co. v. Conboy*, 459 U.S. 248, 261 (1983); *See also U.S. v. Talley*, 164 F.3d 989, 997 (6th Circuit 1999) ("We have consistently held that a district court is without authority to either grant immunity to a witness who asserts his Fifth Amendment privilege against self incrimination, or to force the government to do so.") Title 18, United States Code, Section 6003 gives the executive branch sole authority to grant use immunity to a witness, and it does not require the government to grant a defense witness immunity. *U.S. v. Mohney*, 949 F.2d 1397, 1401 (6th Cir. 1991). Rather, the Sixth Circuit has discussed, but never adopted, two very limited exceptions involving due process violations where the court can ask the government to grant immunity or potentially dismiss the relevant charges. *Talley*, 164 F.3d at 997; *U.S. v. Mohney*, 949 F.2d 1397, 1401 (6th Cir. 1991); *U.S. v. Pennell*, 737 F.2d 521, 526 (6th Cir. 1984).

The first exception discussed is when the government selectively "grant[s] immunity to its own witnesses, while denying immunity to the defendant's witnesses [as that may] deprive the defense of a fair trial, and in some cases requires judicially compelled immunity grant." *Mohney*, 949 F.2d at 1402 (noting that "[s]elective grants of immunity could violate due process where they produce egregiously lopsided access to evidence.") However, a defendant "does not have a right to have his witnesses immunized simply because the prosecution relies on immunized witnesses to make its case." *Id.* Instead, "[i]f the government's prosecutorial interest in [prosecuting accused felons] outweighs a defendant's interest in presenting such evidence ... then the government's interest also outweighs any abstract concern with symmetry." *Id.* (citations and quotation marks omitted).

3

The second exception discussed is the grant of judicially compelled immunity when necessary "to remedy prosecutorial misconduct." *Id.* at 998. Under this theory, a defendant would have to meet the "high threshold" of establishing that "the prosecution abuse[d] its discretion by intentionally attempting to distort the fact-finding process." *U.S. v. Emuegbunam*, 268 F.3d 377, 401 (6th Cir. 2001). For example, the prosecution intimidated, threatened, or dissuaded a potential witness from testifying, that is, the prosecution "substantially interfered" with a witness's choice to testify. *U.S.* v. *Quinn*, 728 F.3d 242, 258 (3rd Cir. 2013). This theory allows the prosecution to refuse to grant immunity to a defense witness when it does not wish to hinder a future criminal prosecution of the witness. *U.S. v. Mohney*, 949 F2d at 1402.

The Sixth Circuit has specifically considered and rejected the "effective defense theory," which might require the government to grant immunity to witnesses essential to an effective defense. *Mohney*, 949 F.2d at 1401.

Even if either exception is viable in the Sixth Circuit, neither applies to the instant case. First, the government has not granted immunity to witnesses related to the attempted murder plot it anticipates calling in its case-in-chief. The government did grant immunity to two witnesses, the sister-in-law and brother-in-law of the Defendant, regarding the attempted murder; however, their anticipated testimony would likely be irrelevant to the Defendant's culpability and would not relate to the conversations within the jail between the Defendant and Individual A, making it impossible for Individual A to refute them. As such, these two witnesses did not give the government "egregiously lopsided access to evidence" compared to the Defendant, making the first exception inapplicable to the present case.

Likewise, if the second exception is viable in the Sixth Circuit, it does not apply here. Nothing in Defendant's motion indicates prosecutorial misconduct. The government has done

nothing to prevent Individual A from testifying.  No threats or promises have been made to discourage him/her from testifying.  Even though not legally required at this stage of the proceedings, the government has identified Individual A to defense counsel, has provided defense counsel with the name and contact information of Individual A's attorney, and has turned over his/her *Jencks* material.  The government has never attempted to prevent or discourage Individual A from testifying.  Individual A asserted his privilege on advice of counsel, not because of any pressure from the government.   Additionally, the government wants to leave open the possibility of criminal liability in the event Individual A perjured himself or implicated himself beyond the actions taken on behalf the government in the attempted murder plot.  Accordingly, the second exception is inapplicable.

## B.    Third Circuit

The Defendant asks the Court to ignore Sixth Circuit precedent and adopt the Third Circuit's analysis regarding immunization of defense witnesses.  (Dkt No. 41.)  The Third Circuit allows for another exception to the general principle about judicial compelled immunization.  *U.S. v. Quinn*, 728 F.3d 243 (3rd Cir. 2013).  In order for this additional exception to apply in the Third Circuit, a defendant must prove five elements.  *Id.* at 262.  "[1] [I]mmunity must be properly sought in the district court; [2] the defense witness must be available to testify; [3] the proffered testimony must clearly be exculpatory; [4] the testimony must be essential; and [5] there must be no strong government interests which countervail against a grant of immunity."  *Id.* (citing *Gov. of Virgin Islands v. Smith*, 615 F.2d 964, 972 (3rd Cir. 1980).   "Clearly exculpatory" means evidence that would exonerate or free the defendant from guilt or blame.  *Quinn*, 728 F.3d at 262.  Testimony that is "at best speculative," *U.S. v. Ammar*, 714 F.2d 238, 251 n.8 (3rd Cir. 1983), "severely impeached" by the witness's prior inconsistent

5

statements, *U.S. v. Perez*, 280 F.3d 318, 348 (3rd Cir. 2002), ambiguous on its face, *Smith*, 615 F.2d at 972, or "even if believed, would not in itself exonerate [the defendant]," *U.S. v. Lowell*, 649 F.2d 950, 965 (3rd Cir. 1981), is not "clearly exculpatory."

Adoption of this additional exception could lead to a flurry of perverse results. For example, under this standard, a defendant facing a felon in possession of a firearm charge could line up witnesses to claim ownership of the firearm in question and then compel the government to give these witnesses use immunity prohibiting any further prosecution against these witnesses, including for perjury or obstruction charges. That simply cannot be the case.

Even if this Court ignored circuit precedent and adopted this additional exception, the Defendant has failed to meet it. Specifically, the Defendant has not shown that Individual A's testimony is "clearly exculpatory." The Defendant is drawing an inference that because Individual A is invoking his Fifth Amendment right, somehow that means his testimony will be adverse to the government. At this stage, Individual A could be properly invoking his Fifth Amendment right for a host of reasons that either have nothing to do with the Defendant or inculpates him. As noted in Defendant's motion, law enforcement interviewed Individual A more than ten times. Individual A sent numerous letters to the Defendant's wife or counsel. In none of those communications did Individual A ever state anything that was clearly exculpatory to the Defendant. Seeing the Defendant has not proffered the testimony to the Court, it is impossible to determine whether this testimony meets the third factor outlined in *Quinn*.

Furthermore, the government has a strong interest in assuring cooperators are truthful to law enforcement. If Individual A testifies as Defendant hopes, he would be admitting to consistently lying to law enforcement over the span of months. As such, the government would likely prosecute such actions to deter other cooperators from doing the same in other

investigations.  As such, the government has a strong countervailing reason to withhold immunity to Individual A.

Wherefore, the Court should deny the Defendant's request to compel a defense witness immunity.

**D.      Missing Witness Instruction**

The Defendant asks in the alternative to a grant of immunity, that the Court should give a missing witness jury instruction.  An adverse inference, also called a missing or absent witness instruction, is permitted if the witness not called to testify is (1) "peculiarly within the party's power to produce;" and (2) "if the testimony of that witness would elucidate the transaction." *U.S. v. Blakemore*, 489 F.2d 193, 195 n .4 (6th Cir.1973).  Most courts have carefully restricted application of the "uncalled or missing witness" rule to situations where both of these elements are present.  *E.g. Pennewell v. U.S.*, 122 U.S.App.D.C. 332, 353 F.2d 870 (1965).   This two-part analysis should be strictly applied.  *U.S. v. Blakemore,* 489 F.2d 193, 195–96 (6th Cir. 1973). Availability of a witness to a party must take into account both practical and physical considerations.  *Id.*; *see also Stewart v. U.S.*, 135 U.S.App.D.C. 274, 418 F.2d 1110, 1115 (1969).  A witness that asserts his Fifth Amendment right against self-incrimination is practically unavailable to both sides and their non-testimony would not "elucidate the transaction" as there would be no testimony at all.  *U.S. v. Russell*, 142 F.3d 438 (6th Cir. 1998).

Here, Individual A is not "peculiarly within" the government's power to produce.  While Individual A is incarcerated in a state facility, the government has provided defense counsel with the name and contact information for Individual A's attorney so that defense counsel could arrange an interview of Individual A, if Individual A and his/her attorney consent to an interview.  If Individual A asserts his Fifth Amendment privilege, he is as much unavailable to

the government as he is to the Defendant.  Also, his non-testimony would be completely irrelevant and not "elucidate" the attempted murder plot.

As such, the government respectfully requests the Court to deny the Defendant's motion for defense witness immunity or a missing witness instruction.

Respectfully submitted,

DAVID A. SIERLEJA
Acting United States Attorney

DANIEL L. LEMISCH
Acting United States Attorney

By:   /s/ Michael J. Freeman
      Michael J. Freeman (OH: 0086797)
      Assistant United States Attorney

      /s/ Matthew W. Shepherd
      Matthew W. Shepherd
      Assistant United States Attorney

      /s/ Gregory R. Gonzalez
      Gregory Gonzalez
      Trial Attorney
      National Security Division

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of May 2017 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Michael J. Freeman
Michael J. Freeman
Assistant U.S. Attorney