UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

YAHYA FAROOQ MOHAMMAD, et al.,

    Defendants.

Case No. 3:15-cr-358
CHIEF JUDGE EDMUND A. SARGUS, JR.

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

YAHYA FAROOQ MOHAMMAD,

    Defendant.

Case No. 3:16-cr-222
CHIEF JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Yahya Farooq Mohammad's ("Farooq") Motion to Suppress Statements Made in Violation of the Sixth Amendment ['15 ECF No. 224; '16 ECF No. 40]. For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.

Farooq and his co-Defendants, Ibrahim Zubair Mohammad, Sultane Roome Salim, and Asif Ahmed Salim, were indicted on September 30, 2015, and charged with (Count 1) conspiracy to provide and conceal material support to terrorists, in violation of 18 U.S.C. § 2339A; (Count 2) providing material support to terrorists, in violation of 18 U.S.C. § 2339A;

(Count 3) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (brought against Farooq and Ibrahim only); and (Count 4) conspiracy to obstruct justice, in violation of 18 U.S.C. § 1512(k). ('15 Indictment at 12–72 ['15 ECF No. 1].) These charges form the basis of case number 3:15-cr-358 (the '15 case).

The Government accuses Defendants of conspiring to provide, and actually providing, funds and other material support to al-Awlaki for the preparation and execution of terrorist attacks and killings. (*See* '15 Indictment at 12, 68.) The Government contends that Defendants conspired to obstruct its investigation into their illicit fundraising by making false statements to the FBI and destroying or concealing records. (*Id.* at 65–67, 71–72.) And as to Farooq and Ibrahim, the Government additionally alleges that they conspired to raise money for al-Awlaki through various fraudulent credit card and PayPal transactions. (*Id.* at 68–71.)

While in the Lucas County Corrections Center awaiting trial in the '15 case, Farooq allegedly attempted to hire a hitman to murder United States District Judge Jack Zouhary, the district judge presiding in the '15 case at the time. ('16 Indictment at 1 ['16 ECF No. 1].) Sometime in March 2016, Farooq allegedly told another inmate ("Individual A") that he wanted to hire someone to kill Judge Zouhary. (*Id.* ¶ 4.) Individual A relayed Farooq's statement to the FBI. (*Id.*)

On March 28, an FBI agent interviewed Individual A about Farooq's statements. (Resp. at 2–3 ['15 ECF No. 237; '16 ECF No. 47].) Two days later, on March 30, two FBI agents interviewed Individual A in greater detail. (*Id.* at 3.) During the second meeting, Individual A provided the agents with additional information about the alleged plot to kill Judge Zouhary. (Mot. at 2 ['15 ECF No. 224; '16 ECF No. 40].) He also provided the agents with statements purportedly made by Farooq regarding the '15 case. (*Id.*) This later information elicited a rebuke

2

from the agents, who repeatedly admonished Individual A not to question Farooq about the charges for which he was currently in custody. (*Id.*) In their report, the agents noted that although Individual A acknowledged the admonishment, it did not appear that he would comply with it. (*Id.*) The agents continued to work with Individual A, nonetheless. (*See id.* at 2–3.) The meeting concluded with Individual A agreeing to record his conversations with Farooq regarding the alleged plot to kill Judge Zouhary. (*See id.* at 2.)

Individual A returned to the Corrections Center and continued to elicit and collect incriminating statements from Farooq. (Mot. at 3.) The FBI outfitted Individual A with a recording device on three occasions—April 8, April 26, and May 11. (Resp. at 3.) And on two of those occasions—April 8 and April 26—the FBI admonished Individual A in writing not to discuss the charges pending against Farooq in the '15 case. (*Id.*)

On April 8, Farooq again allegedly mentioned his desire to have Judge Zouhary killed. ('16 Indictment ¶ 5.) In response, Individual A introduced Farooq to an FBI undercover employee ("UCE") posing as a hitman willing to kill Judge Zouhary for $15,000, a sum that included a $1,000 down payment. (*Id.* ¶ 6.) Farooq purportedly called the UCE and, using the code that Farooq and Individual A had developed to disguise Farooq's communications, requested that the UCE murder the Judge. (*Id.* ¶¶ 7–8.) Farooq, the Government contends, arranged for his wife to meet with the UCE and make the $1,000 down payment. (*See id.* ¶¶ 9–14.) And Farooq also began arranging for his wife to pay the UCE the remaining balance. (*See id.* ¶ 15.) Farooq's wife allegedly met with the UCE twice. At the first meeting, Farooq's wife purportedly delivered the down payment. (*Id.* ¶ 13.) At the second meeting, the UCE showed Farooq's wife a photo of a body. (*Id.* ¶ 18.) The UCE represented that the dead man in the photo was Judge Zouhary. (*Id.*) The UCE also inquired about the rest of his payment. (*Id.*) Farooq's

3

wife reviewed the photo and indicated that she would consult with her husband about the payment. (*See id.*)

Following an investigation into Farooq's alleged attempt to have Judge Zouhary killed, Farooq was charged on July 6, 2016, with (Count 1) attempted first degree murder of a federal officer or employee, in violation of 18 U.S.C. § 1114(3); (Count 2) solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373(a); and (Count 3) the use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958(a). ('16 Indictment at 5–7.) These charges form the basis of case number 3:16-cr-222 (the '16 case).

## II.

Farooq's Motion relates to the FBI's interactions with Individual A. Farooq insists that the Court suppress any incriminating statements made by Farooq on or after March 30, 2016, regarding the '15 case. (Mot. at 1, 4 ['15 ECF No. 224; '16 ECF No. 40].) As Farooq argues, the Government learned during the March 30 meeting that its informant, Individual A, was unlikely to respect Farooq's Sixth Amendment rights regarding the '15 case. (*See id.* at 4.)

The Government does not oppose Farooq's Motion because it does not intend to introduce at trial any of the incriminating statements that Farooq seeks to suppress. (Resp. at 1–2 ['15 ECF No. 237; '16 ECF No. 47].) The Government's non-opposition involves a caveat, though. The Government states that it reserves the right to use any otherwise suppressed statement to impeach inconsistent testimony offered by Farooq. (*Id.* at 2.)

Under the Sixth Amendment, a criminal defendant is guaranteed the right "to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel attaches after the initiation of formal charges and applies to all critical stages of a criminal proceeding. *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991); *Ayers v. Hudson*, 623 F.3d 301, 309 (6th Cir.

4

2010). A defendant's interrogation by the Government is, as relevant here, one of those critical stages. *Ayers*, 623 F.3d at 309. As the Supreme Court has explained, a defendant is "denied the basic protections" of the Sixth Amendment "when there [is] used against him at his trial evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel." *Massiah v. United States*, 377 U.S. 201, 206 (1964). The right to counsel applies to interrogations conducted by known Government agents as well as interrogations conducted by covert government agents or informants. *See United States v. Henry*, 447 U.S. 264, 273–74 (1980); *Ayers*, 623 F.3d at 309. Thus, whenever the Government "'intentionally creat[es] a situation likely to induce [a defendant] to make incriminating statements without the assistance of counsel' . . . or 'knowing[ly] exploit[s]' a situation in order to obtain incriminating information from a defendant 'without counsel being present,'" a Sixth Amendment violation has occurred. *Ayers*, 623 F.3d at 309 (quoting *Henry*, 447 U.S. at 274; *Maine v. Moulton*, 474 U.S. 159, 176 (1985)).

The Sixth Amendment right to counsel is, however, offense specific. *McNeil*, 501 U.S. at 175. "It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, 'at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *Id.* (quoting *United States v. Gouveia*, 467 U.S. 180, 188 (1984)). Consequently, the Government does not violate an indicted defendant's Sixth Amendment rights by arranging for an undercover agent or informant to converse with the defendant about offenses other than those for which the defendant had been indicted. *United States v. Ford*, 176 F.3d 376, 380 (6th Cir. 1999); *United States v. Clark*, 988 F.2d 1459, 1467 (6th Cir. 1993). If an informant deliberately elicits incriminating statements relating to charged offenses, the defendant can

5

suppress those statements. *Ford*, 176 F.3d at 380. The Sixth Amendment, however, "raises no bar to the initiation of the interview itself or to the use of any statements that incriminate the defendant on uncharged offenses." *Id.*

Evidence obtained in violation of the Sixth Amendment right to counsel is generally excluded from trial. *See Ford*, 176 F.3d at 380. As the Supreme Court has clarified, though, the exclusion is not all-encompassing. *See Kansas v. Ventris*, 556 U.S. 586, 593–94 (2009). Evidence otherwise excluded under the Sixth Amendment is admissible to challenge a defendant's inconsistent testimony at trial. *See id.*

Here, given the parties' agreement, and given the facts and circumstances surrounding Individual A's interactions with Farooq, the Court concludes that any incriminating statements made by Farooq to Individual A on or after March 30, 2016, regarding the charges pending in the '15 case shall be suppressed. Farooq's Motion is, however, denied to the extent that he seeks to prevent the Government from using his incriminating statements for impeachment purposes. The Court's suppression ruling shall not prohibit the Government from introducing otherwise excluded statements to challenge inconsistent testimony offered by Farooq.

## III.

Farooq's Motion to Suppress Statements Made in Violation of the Sixth Amendment ['15 ECF No. 224; '16 ECF No. 40] is, accordingly, **GRANTED IN PART** and **DENIED IN PART** as explained above.

**IT IS SO ORDERED.**

6-6-2017
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE