# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:15 CR 358 |
| v. ) | No. 3:16 CR 222 |
| ) | Judge Edmund A. Sargus Jr. |
| YAHYA FAROOQ MOHAMMAD, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO CONTINUE TRIAL DATE

Defendant, **YAHYA FAROOQ MOHAMMAD**, by his attorneys, **THOMAS ANTHONY DURKIN**, and **ROBIN V. WATERS**, pursuant to the Due Process and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitution of the United States, respectfully moves this Court to continue the July 10, 2017, trial date to a date in mid-to-late August 2017, on the grounds that counsel need additional time to be adequately prepared to defend this complex case.[1]

In support of this motion, Defendant, through counsel, shows to the Court the following:

1. On September 30, 2015, Yahya Farooq Mohammed ("Farooq") and the three co-defendants were charged in a seventy-two page, four-count Indictment with: (1) Conspiracy to Provide and Conceal Material Support and Resources to Terrorists in violation of 18 U.S.C. § 2339A; (2) Providing Material Support and Resources to Terrorists in violation of 18 U.S.C. § 2339A and 2; (3) Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349; and (4) Conspiracy to Obstruct Justice in violation of 18 U.S.C. § 1512(k). In the midst of the 2015 case, Farooq was charged in a three-count Indictment on July 6, 2016 with: (1) Attempting to Unlawfully

---

[1] This motion is being filed on the presumption that the 2015 case of Defendant's co-conspirators is being transferred to a different Toledo judge; and, therefore, the August 21, 2017, date for that trial with this Court is available.

Kill U.S. District Court Judge Jack Zouhary in violation of 18 U.S.C. § 1114(3); (2) Soliciting the Murder of U.S. District Court Judge Jack Zouhary in violation of 18 U.S.C. § 373(a); and, (3) Using Interstate Commerce Facilities in the Commission of Murder-for-Hire in violation of 18 U.S.C. § 1958(a). Both cases are now joined for separate trial against Defendant, scheduled to begin on July 10, 2017. (Dkt. #216).

2. First, as this Court is aware, there are numerous outstanding pretrial motions that have not yet been decided. While counsel is mindful of the volume of pretrial pleadings in this case, and certainly respectful of the Court's efforts to resolve many of the complicated and somewhat novel legal issues these two cases present, the fact remains that many significant issues have not yet been decided at this late juncture which necessarily affect counsel's trial preparation. The motions that have not yet been decided include the following:

- Motion for Notice and Additional Discovery Regarding Surveillance Techniques (Dkt. #131: 15 CR 358); and, Supplemental Motion for Disclosure Related to the FISA Amendments Act (FAA) (Dkt. #140, 15 CR 358);

- Motion to Suppress Evidence Obtained or Derived from Warrantless Surveillance Under Section 702 of FISA (Dkt. #146, 15 CR 358);

- Motion for Disclosure of FISA-Related Material and to Suppress the Fruits or Derivatives of Electronic Surveillance and Any Other Means of Collection Conducted Pursuant to FISA or Other Foreign Intelligence Gathering (Dkt. #148, 15 CR 358);

- Memorandum in Opposition to the Government's *Ex Parte, In Camera* Motion for Protective Order Pursuant to CIPA Section 4 and Fed. R. Crim. P. 16(d)(1) (Dkt. #178, 15 CR 358);

- Motion for a Bill of Particulars (Dkt. #223, 15 CR 358; Dkt. #37, 16 CR 222);

- Request for Notice of FISA Evidence Pursuant to 50 U.S.C. §§ 1806(c) and 1881e(a) or Other Intelligence Gathering (Dkt. #38; 16 CR 222).

3. In addition, defense counsel are in need of more time to gather information from two material witnesses crucial to the defense: the jail house informant in the 2016 Case, and Umar

Farouk Abdulmutallab ("The Underwear Bomber") in the 2015 Case.  Counsel have been in contact with both of these witnesses' respective attorneys regarding arrangements for interviews and their voluntary testimony.  Abdulmutallab's attorney has recently indicated that Abdulmutallab may be interested in meeting with defense counsel with an eye toward being willing to testify, but has not yet made a final decision on either an interview or voluntary testimony.  Abdulmutallab's attorney indicated that she has scheduled a legal visit with Abdulmutallab, who is serving his sentence at the Administrative Maximum Facility (ADX) in Florence, Colorado on Wednesday, June 14, 2017, and that she will have a definitive answer as to his willingness to meet after that legal visit. As the Court is aware from the pretrial pleadings, Abdulmutallab could present material exculpatory testimony should he be willing to testify.[2]

4. In addition, counsel were recently informed by the jail house informant's attorney that the informant is now willing to meet and discuss the case with undersigned counsel.  As this Court is aware, a trial subpoena has been served on counsel for the informant, who had previously advised that the informant will invoke the Fifth Amendment and, therefore, would not consent to an interview. Counsel had also planned on visiting the jail house informant this last week at the Ohio penitentiary at which he is being housed, but was forced to cancel the scheduled visit in order to attend a funeral.  As the Court is also aware from the pretrial pleadings, the Government is attempting to try this case without the informant's testimony—which on its face demonstrates the materiality and exculpatory nature of the informant's testimony.[3]

---

[2] *See* Motion and Memorandum of Law in Support of Discovery Concerning Sources of Terrorism Related Funding (Dkt. #133, 151).  This motion was granted in part and denied in part on Tuesday, June 6, 2017 (Dkt. #242). Abdulmutallab is also subject to Special Administrative Measures (SAMs) in Florence which further complicated communications with him and his counsel.  Undersigned counsel have been attempting to contact Abdulmutallab through his various counsel since as early as April 5, 2017.

[3] *See* Government's Consolidated Motion *in Limine* (Dkt. #222, 15 CR 358; Dkt. #36, 16 CR 222); motion *in limine* #1, "The recordings of the Defendant and the CW are admissible without requiring the testimony of cooperating witness," p. 5-9.

5. Further, the Court has only recently ruled on two pretrial motions that will impact counsel's trial strategy and inform counsel's interviews with these two potential witnesses. First, on Tuesday, June 6, 2017, this Court granted in part, and denied in part Defendant's Motion for Discovery Concerning Sources of Terrorism Related Funding (Dkt. #133, 151). (Dkt. #242, 15 CR 358). The Court ordered the Government to disclose both "information on the sources of funding for the Fort Hood shooting," and "communications about the funding of Abdulmutallab's attempted destruction of Northwestern Airlines Flight 253." (Dkt. #242, p. 15). On June 7, 2017, the parties conferred regarding when these communications might be produced. However, AUSA Shepherd indicated that his office was not in possession of the materials, and that he had sent a request on to the appropriate individuals so as to ascertain when and whether the Government can comply with the Court's order.

6. Additionally, on Thursday, June 8, 2017, this Court denied Defendant's Motion for Defense Immunity, or in the Alternative, for a Missing Witness Instruction (Dkt. #225, 15 CR 358; Dkt. #41, 16 CR 222) as it related to the jail house informant. (Dkt. #244, 15 CR 358; Dkt. #50, 16 CR 222). This now makes it all the more necessary for the defense to attempt to arrange for the voluntary testimony of the informant. However, notwithstanding the informant's willingness to meet with counsel, on Friday, June 9, 2017, undersigned counsel received a letter from the informant seeking their counsel on the informant's federal case that prompted his being at the Lucas County Jail to meet Defendant in the first place. A copy of said letter is attached hereto as Exhibit A, and filed under seal. As can be seen from this letter, this puts undersigned counsel in an ethical dilemma that will now require postponement of another meeting with the informant that was hopefully to take place this week. This ethical issue, and the obvious

4

implications of the letter, may also require counsel to seek reconsideration of their request for defense immunity.

7.  Additionally, the Government has also informed counsel that it mailed the 3500 material regarding the jail house informant on Friday, June 9, 2017. This, too, will inform undersigned counsel's decisions as to how to proceed with this most vexing, but critical, defense witness that the Government dares not call as its own witness.

8.  Presently, Defendant's Motions *in Limine* is to be filed on or before June 12, 2017. Additionally, Defendant's response to the Government's Consolidated Motions *in Limine* (Dkt. #222, 15 CR 358; Dkt. #36, 16 CR 222) is due on June 13, 2017. In light of the letter from the jail house informant, and the recent opinions of the Court on the aforementioned defense witness, counsel will also need additional time to file and/or respond to the motions *in limine*.[4]

9.  Counsel also have a number of outstanding discovery requests which were based upon certain documents contained in two discovery productions on March 17, 2017, and March 28, 2017. On April 12, 2017, counsel sent AUSAs Shepherd and Freeman a letter with eleven (11) specific requests pertaining to the two productions. Counsel conferred with the prosecutors via telephone on April 17, 2017, and received answers to a good portion of those requests. However, some requests are still outstanding. AUSA Shepherd indicated to counsel that a formal written response will be forthcoming this week.

10. Further, and has been mentioned to the Court in a recent status conference, Defendant and his family have been unable to repatriate Defendant's funds in the United Arab Emirates ("U.A.E.") that were to be used to pay counsel's trial fee in this case. Defendant and his

---

[4] Counsel have no present plans to file motions *in limine*, as undersigned counsel are of the opinion that without the 3500 material and decisions on the motions to suppress, it is impossible to anticipate objections to the Government's case that have not already been raised.

5

wife could not gain access to these funds due to the seizure of the wife's computer in the execution of a search warrant on her residence in May of 2016. The imposition of the SAMs on Defendant did not help in this regard, either.

11. However, the Government finally released the computer to counsel for the Defendant's wife on June 6, 2017. On June 10, 2017, undersigned counsel, with the help of Defendant's wife, were finally able to gain access to the passwords for Defendant's bullion account in the U.A.E. that contains sufficient value to pay counsel's trial fee. Counsel were also finally able to access Defendant's online bank account in the U.A.E. Redacted copies of the bullion and bank accounts are attached hereto as Exhibit B, and filed under seal. As such, counsel are now hopeful these funds can be repatriated shortly.

12. Counsel are mindful that discussions were had with the Court regarding the possibility of a CJA appointment of both undersigned counsel with repayment to the government should the money be repatriated. Nonetheless, it is Defendant's very strong preference that he not have counsel paid for by the government. This would be undersigned counsel's preference as well, and counsel would ask the Court for a reasonable period of time to make this serious Sixth Amendment determination as to the repatriation. An August trial date would accommodate this determination.

13. Finally, and related to Defendant's Sixth Amendment issues, as was also related to the Court at the last status conference on May 17, 2017, undersigned counsel, Waters, is being interviewed for a position with the Federal Defender Program for the Northern District of Illinois. When counsel addressed this issue on May 17, 2017, counsel were under the impression that a decision would have been made by now. However, Ms. Waters has been informed she will not be interviewed until June 20, 2017, for a position that is expected to start on July 1, 2017.

14. As a result, undersigned counsel, Durkin, is caught in a very untenable position insofar as staffing this trial is concerned. Ms. Waters has been involved in this case since its inception, and it will be next to impossible, under these circumstances, for another attorney to be brought up to speed by July 10, 2017, should Ms. Waters be offered the position.[5]

15. For all of the above reasons, counsel would respectfully suggest that Due Process and the Effective Assistance of Counsel Clauses require the brief continuance sought herein under these rather novel circumstances.

16. This motion is being filed in good faith and not for the purpose of delay.

Respectfully submitted,

/s/ Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN,**

/s/ Robin V. Waters
**ROBIN V. WATERS,**
Attorneys for Defendant.

**DURKIN & ROBERTS**
2446 North Clark Street
Chicago, Illinois 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
rwaters@durkinroberts.com

---

[5] Durkin & Roberts is a four (4) person criminal defense firm in Chicago. In light of recent health problems of partner, Janis Deborah Roberts, the only other lawyer available to try the case with Mr. Durkin is his son, Anthony Matthew Durkin, who was recently admitted to the Illinois Bar on May 4, 2017. It would be next to impossible for him to get up to speed on this case by the July 10, 2017, trial date.

**CERTIFICATE OF SERVICE**

      Thomas Anthony Durkin, Attorney at Law, hereby certifies that the foregoing Defendant Yahya Farooq Mohammad's Motion to Continue Trial Date was served on June 11, 2017, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.1, and LCrR 49.2, pursuant to the district court's system as to ECF filers.

      /s/ Thomas Anthony Durkin
      **THOMAS ANTHONY DURKIN**
      2446 N. Clark Street
      Chicago, Illinois 60614
      (312) 981-0123
      tdurkin@durkinroberts.com